# FLORIDA POWER & LIGHT CO. v. ATLANTIC, GULF & PACIFIC CO.

## No. 5733.

Circuit Court of Appeals, Fifth Circuit. March 15, 1930.

George W. Bassett, of St. Augustine, Fla., for appellant.

E. J. L'Engle, J. W. Shands, and E. McCarthy, Jr., all of Jacksonville, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

This was an action by appellant on a contract in writing, by which appellant promised to supply and appellee promised to accept and pay for the electric power required for the operation of appellee's dredging plant. The contract, which was dated January 12, 1926, called for a minimum of 1,000 H. P. monthly at $4 per H. P. for a term of one year "from the date of first rendering service hereunder, which date shall be definitely set by a supplementary agreement [to be] attached hereto and made a part hereof at the time service is first rendered hereunder as contemplated." An amended declaration alleged that appellant was engaged in the business of producing and supplying electric power to consumers, and appellee was engaged in certain dredging operations; that certain additions and extensions to appellant's transmission line were agreed upon by the contracting parties as being necessary before electric power could be made available; that no definite time "for the commencement of the service contemplated" was agreed on, but it was understood that the date of first rendering such service was to be fixed as of the date appellant completed and notified appellee of the completion of the necessary additions and extensions; that on April 5, 1926, these additions and extensions were completed, and appellant notified appellee that it was ready and willing to furnish the service contemplated by the contract, but appellee refused to accept or pay for the electric power. It was not alleged that appellee refused to enter into the supplementary agreement, or that such agreement was not entered into pursuant to the provisions of the original contract. A demurrer to the amended declaration, on the ground, among others, that the contract sued on was incomplete and unenforceable because the time for performance was intentionally omitted and left open for future agreement, was sustained; and, appellant declining to amend further, judgment final was entered on the demurrer.

The contract as written purports to bind appellee to accept and pay for electric power from the date of first rendering service and not from the date performance was tendered. That contract must be accepted as conclusive evidence of the intention of the parties. It cannot be varied by the contemporaneous oral understanding alleged in the declaration. The written contract makes it clear that the omission from it of a provision fixing a definite time for performance was intentional. Whether that omission was made because it was unknown at the time when appellant would be able to complete additions and extensions to its transmission line, or when appellee would need electric power in the operation of its dredging plant, is immaterial; it is sufficient that the parties intentionally, and not inadvertently or through oversight, postponed performance to a future date. Where no time is fixed for the performance of a contract, the law will imply a reasonable time, if it is necessary to do so in order to give effect to the intention of the parties. But time for performance will never be implied by law contrary to such intention. 13 C. J. 558, 559. As the written contract could not be varied by contemporaneous oral understanding, the allegation that electric power was tendered and refused stated no cause of action. Appellee was not bound to accept the tender before time for performance arrived. If the supplementary agreement was necessary to fix the date of first rendering service, it was incumbent upon appellant to allege that the parties had entered into such an agreement.

Appellant contends that a supplementary agreement was not needed to complete the original contract, but that it was only intended as evidence of the date upon which electric power was first supplied. If that

were all that was intended, it was wholly unnecessary to provide for a supplementary contract and that it should become a part of the original contract. It would be a strained construction to hold that so important a provision was inserted merely to evidence a date that could not well be in dispute, and could easily be established by other proof. We are of opinion that the original contract required that the date for beginning performance should be fixed by a supplementary agreement. The original contract provided, not that appellee would receive electric power when service was tendered or first rendered without its consent and in the absence of an agreement to accept it, but that appellee should not be compelled to accept and pay for electric power until it expressed a willingness to do so by future agreement. The provision that the contemplated future agreement should be attached to and become a part of the executed contract conveys the idea that an uncompleted transaction was to be made complete and that the two instruments together should embody the intention of the parties. The object of the supplementary agreement contemplated by the parties was to fix a date for first rendering service or supplying electric power. Without it there was no method provided of fixing a time for performance. It therefore would have to precede in point of time the furnishing of electric power, and could not have been intended as mere evidence of performance. In the absence of a supplementary agreement, the date of first rendering service under the original contract could never arrive and thus became an impossible date.

The contract sued on was incomplete, because the time within which it was to be performed was neither expressed nor implied. It was nothing more than an agreement to make an agreement in the future, and was therefore unenforceable. 13 C. J. 292; Williston on Contracts, § 45.

The judgment is affirmed.

SIBLEY, District Judge (concurring).

I agree that no right to recover the price of the current contracted for was shown by the mere tender and refusal of its delivery on the date plaintiff got ready, without any effort to secure an agreement as to a time for turning it on. Had the declaration set up an arbitrary refusal to fix a time, or sought recovery of plaintiff's expenses in getting ready, different questions would be presented.